**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **JANETTE VENTURA, as next friend of J.A.V.P.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WARDEN ANGELA TALLEY, MCDC,**<br><br>**Defendants.** | **Civil Action No.: MJM-26-2742** |

**MEMORANDUM OPINION**

Pending is an Emergency Motion for an Immediate Habeas Corpus Hearing filed by Janette Ventura, serving as next friend for her minor son, J.A.V.P. ECF No. 2. Respondent is the warden of the Montgomery County Detention Center, Angela Talley. For the reasons set forth below, Ventura's motion shall be denied.

## I. BACKGROUND

J.A.V.P, a minor, is currently incarcerated at Montgomery County Detention Center ("MCDC"). On July 13, 2026, his mother, Ventura, filed a petition in this matter under 28 U.S.C. § 2241, alleging that Respondent is violating J.A.V.P.'s rights under the Eighth and Fourteenth Amendments to the United States Constitution through deliberate indifference to his medical needs and by denying him bail. ECF No. 1. As relief, Ventura seeks immediate release of J.A.V.P. from custody or a federal bail hearing that orders release with conditions. *Id.*

Along with the petition, Ventura filed an "Emergency Motion for an Immediate Habeas Corpus Hearing" that the Court construes as a Motion for Preliminary Injunctive Relief. ECF No. 2. In the motion, Ventura states that J.A.V.P. has a life-threatening medical emergency in that he is suffering from asthma and head trauma. *Id.* at 1. Ventura also states that J.A.V.P. is being

bullied by other inmates. *Id.*

On July 14, 2026, the Court issued an Order directing that Respondent show cause why injunctive relief should not be granted. ECF No. 6 ("Show Cause Order"). Counsel was advised to address what medical treatment is being provided to J.A.V.P. *Id.* at 4. Additionally, counsel was directed to include affidavits or declarations under oath from appropriate staff as well as verified records in support of their statements. *Id.* In the Show Cause Order, Ventura was also warned that federal habeas relief is available under § 2241 only in special circumstances and only if the petitioner has exhausted his state court remedies. *Id.* at 2–3.

Respondent complied with the Show Cause Order on July 21, 2026. ECF No. 7. Respondent attached to the response an affidavit from a MCDC nurse, an affidavit from a MCDC nurse practitioner, an affidavit from a correctional specialist that conducts risk assessments, central processing records, commitment documents, mental health records, documentation of verbal parental consent, and medical records. ECF Nos. 7-2, 7-3, 7-4, 7-5, 7-6, 7-7, 7-8, 7-9, 7-10.

Respondent's records show that J.A.V.P. was arrested on July 8, 2026, and when he appeared in court on July 10, 2026, he was denied bond. ECF No. 7-4 at 2; ECF No. 7-5 at 2–3. The District Court for Montgomery County ordered that J.A.V.P be held in secure juvenile housing until he could be transferred to a juvenile facility. ECF No. 7-5 at 3. An MCDC nurse, Wendim Tekele, conducted J.A.V.P.'s initial medical assessment at MCDC on July 9, 2026. ECF No. 7-2 (Tekele affidavit) at ¶ 4; ECF No. 7-8 (intake medical records). Before conducting the assessment, Tekele obtained verbal consent from Ventura over the telephone. ECF No. 7-2 at ¶ 4; ECF No. 7-7 (verbal parental consent form). Ventura did not disclose to Tekele that J.A.V.P. had any medical conditions, including asthma or head trauma. ECF No. 7-2 at ¶ 5. J.A.V.P. also failed to disclose any medical conditions during the initial assessment with Tekele, answering "no" when asked if

he had any lung problems, respiratory problems, brain injury, or serious injuries. ECF No. 7-2 at ¶ 7; ECF No. 7-8 at 7, 12, 15–16, 19. Tekele educated J.A.V.P. on the sick call process and, as of July 15, 2026, J.A.V.P had submitted zero sick call slips. ECF No. 7-2 at ¶ 10.

According to nurse practitioner Fatmatta Wurie, "[o]n July 14, 2026, the medical team at MCDC learned through legal filings that J.A.V.P.'s mother stated that J.A.V.P. had asthma and a head injury. This was the first time that the medical team had been made aware of such conditions." ECF No. 7-3 (Wurie affidavit) at ¶ 5. Wurie met with J.A.V.P. on July 15, 2026, to discuss his medical conditions and conduct an initial history and physical. ECF No. 7-3 at ¶ 5; ECF No. 7-9 (medical records) at 31–79. J.A.V.P. disclosed to Wurie that he suffered from exercise-induced asthma for which he had last used an inhaler two months ago. ECF No. 7-3 at ¶ 6; ECF No. 7-9 at 31, 35, 38, 38. Wurie prescribed an inhaler. ECF No. 7-3 at ¶ 6; ECF No. 7-9. Wurie observed no signs of head injury or head trauma during J.A.V.P.'s physical examination. ECF No. 7-3 at ¶ 7.

## II. LEGAL STANDARD

A party seeking a preliminary injunction must demonstrate by a "clear showing" that (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20–23 (2008); *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 292–93 (4th Cir. 2011). "All four requirements must be satisfied." *Cantley v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014) (brackets omitted).

## III. DISCUSSION

Ventura alleges that J.A.V.P. suffers from a life-threatening medical emergency, and he is entitled to release under 28 U.S.C. § 2241. ECF No. 2. Respondent acknowledges that J.A.V.P. has exercise-induced asthma but argues that the Court should not issue a preliminary injunction because Ventura cannot demonstrate any of the four required factors. ECF No. 7 at 4–7.

**A. Likelihood of Success on the Merits**

Respondent argues that Ventura cannot demonstrate a likelihood of success on the merits on his bond claim because she has failed to show that the claim has been exhausted in the state courts. The Court agrees.

Ventura was advised in the Court's July 14, 2026, Order (ECF No. 6) that pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. State of La.*, 816 F.2d 220, 224–26 (5th Cir. 1987). Exhaustion is established where "both the operative facts and the controlling legal principles" of each claim have been "fairly presented" to the state courts. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (quoting *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997)). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489–90 (1973). Special circumstances justifying this Court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120–21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *Younger v. Harris*, 401 U.S. 37 (1971).

Ventura was advised in the Show Cause Order that, under Maryland law, the sole remedy for an alleged unconstitutional denial of bail or release on bond is through a state petition for writ of habeas corpus. ECF No. 6. at 3. The Show Cause Order also provided Ventura with information regarding appellate review if the state petition for habeas corpus is denied. *Id.* Ventura has provided the Court with no proof that the claim for denial of bail has been properly exhausted with the Maryland state courts.

Respondent also argues that the Court should exercise what is known as the *Younger* abstention doctrine and refrain from interfering in an ongoing state criminal prosecution. ECF No. 7 at 5. *Younger* demands "abstention 'where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action.'" *Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir. 1989). A federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). "[C]ircumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). The records produced by Respondent indicate nothing "extraordinary" about the state court proceedings. Nor has Ventura provided the Court with any justification for federal court interference in J.A.V.P.'s state criminal case.

Next, Respondent argues that Ventura's medical claim on behalf of J.A.V.P. is not appropriate for a § 2241 petition and should be raised in a suit under 42 U.S.C. § 1983. ECF No. 7 at 6–7. To be sure, the petition's medical claim challenges the conditions of J.A.V.P.'s confinement. A writ of habeas corpus is the exclusive remedy for inmates seeking release from confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A state prisoner challenging

his conditions of confinement, whether the inmate seeks monetary or injunctive relief, may bring his claim pursuant to 42 U.S.C. § 1983. *See, e.g.*, *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Release from confinement is not a remedy available for a deliberate indifference claim. *See, e.g.*, *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005); *Macon v. Cox*, Civ. No. 6:04-1311-HFFB, 2005 WL 4572216, at *6 (D.S.C. June 13, 2005), *aff'd*, 172 F. App'x 555 (4th Cir. 2006). Rather, the proper remedy would be an order directing the proper medical treatment or monetary damages. *See, e.g.*, *Glaus*, 408 F.3d at 387.

The Court finds that it would be inappropriate to convert Ventura's § 2241 petition on behalf of J.A.V.P. into a §1983 suit and to analyze it as such. This § 2241 action is solely against the warden, whereas there likely would be additional parties in a civil rights action. *See Glaus*, 408 F.3d at 389. The Court further finds conversion inappropriate because the requirements under the Prison Litigation Reform Act apply to suits under § 1983 but do not apply to actions pursuant to § 2241. *Id.*

**B. Irreparable Harm**

The Court agrees with Respondent that Ventura has failed to show that irreparable harm will follow if a preliminary injunction is not issued. A preliminary injunction is "an extraordinary remedy" that is "never awarded as of right" and "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Courts must not issue such injunctions "based only on a possibility of irreparable harm." *Id.* To obtain a preliminary injunction, the moving party must demonstrate "that irreparable injury is *likely* in the absence of an injunction." *Id.* To be granted a preliminary injunction, Ventura must show a harm that is "'certain and great,' 'actual and not theoretical,' and 'so imminent that there is a clear and present need for equitable relief to prevent irreparable harm.'" *Defy Ventures, Inc. v. U.S. Small Bus.*

*Admin.*, 469 F. Supp. 3d 459, 480 (D. Md. 2020) (citing *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 7–8 (D.C. Cir. 2016) (citation omitted)).

The records produced by Respondent show that J.A.V.P. has been provided an inhaler for exercise-induced asthma, and there is no evidence that he has suffered from head trauma. The evidence does not demonstrate that J.A.V.P. will likely suffer irreparable harm if an injunction is not entered.

**C. Balance of Equities/Public Interest**

Ventura has likewise not shown that the balance of equities favors a preliminary injunction or that it is in the public interest. Ventura has failed to demonstrate that J.A.V.P. will suffer any harm if the injunction is not granted. The documentation provided by Respondent shows that the state proceedings are unfolding in a manner consistent with protecting public safety.

## IV. CONCLUSION

For the foregoing reasons, Ventura's Emergency Motion for Immediate Habeas Corpus Hearing on behalf of J.A.V.P. (ECF No. 2), which the Court interprets as a motion for preliminary injunction, is denied.

For the same reasons stated herein, within 30 days, Ventura shall show cause why the § 2241 petition should not be dismissed for failure to exhaust state remedies and because the medical deliberate indifference claim should have been raised in a civil suit under 42 U.S.C. § 1983. Failure to respond to this directive will result in dismissal of the case without further notice from the Court.

A separate Order follows.

October 27, 2026
Date

/S/
Matthew J. Maddox
United States District Judge